# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TE'MON C. CRAWFORD**<br>    **Plaintiff** | **CIVIL DOCKET NO.:** _____ |
| **vs.** | **DISTRICT JUDGE:** _____ |
| **PETCO ANIMAL SUPPLIES STORES, INC.**<br>    **Defendant** | **MAGISTRATE:** _____ |

### COMPLAINT FOR DAMAGES DUE TO PROHIBITED DISCRIMINATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

**NOW COMES** the Complainant, Te'mon C. Crawford ("Plaintiff"), by and through his undersigned attorney, who hereby respectfully submits the following Complaint for Damages Due to Racial Discrimination Contrary to the Laws of the United States, in the following particulars:

I.   **JURISDICTION AND VENUE**

1.

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (hereinafter referred to as "Title VII").

2.

The Court's jurisdiction is based upon 28 U.S.C. §1331.

3.

Venue is appropriate in this Judicial District under 28 U.S.C. §139l(b), as the events giving rise to Plaintiff's Complaint occurred within this Court's territorial boundaries.

4.

Plaintiff shows that, prior to filing the instant pleading, he submitted an administrative Complaint concerning the discriminatory actions described below to the Equal Employment Opportunity Commission. In response to said Complaint, Plaintiff was issued a Dismissal and Notice of Rights form from the aforementioned Commission on July 19, 2017, and received same 2-3 days thereafter. Thus, Plaintiff shows that all procedural barriers to filing the instant lawsuit have been satisfied and that her case is now ripe for judicial determination.

II.   PARTIES

5.

Plaintiff is a citizen of the United States and a major, competent resident of the Parish of Orleans, State of Louisiana.

6.

The Defendant, PETCO Animal Supplies Stores, Inc. ("Petco"), is a foreign corporation organized under the laws of Delaware, licensed to do and doing business within the State of Louisiana.

7.

The Defendant employs over Twenty (20) full-time employees in said State and Parish and is, to Plaintiff's knowledge, subject to the provisions of Title VII in all other respects.

8.

Plaintiff is an African-American male and thus a member of a listed protected class under the provisions of Title VII.

III.   VIOLATIONS OF TITLE VII – TERMINATION OF EMPLOYMENT

9.

Contrary to the requirements of Federal Law, the Defendant has discriminated against Plaintiff by suspending and ultimately terminating his employment due to his race. The details surrounding said

discrimination are as follows:

a)       In October of 2016, Plaintiff was employed and trained as a Certified Dog Trainer by the Defendant at its Carrollton Avenue location in New Orleans, Louisiana.

b)       Upon information and belief, Plaintiff was the only male African-American dog trainer employed by the Defendant in New Orleans.

c)       Plaintiff received favorable job reviews while employed by the Defendant, eventually leading to his promotion to the position of Senior Dog Trainer, which job entailed the training of other animal instructors at his store.

d)       In May of 2017, Plaintiff was training a dog at the aforementioned Petco location, and simultaneously instructing a co-employee called "Emily".

e)       During the course of said animal training, Plaintiff "scruffed" the dog with whom he'd been working. "Scruffing" is a technique approved by Petco, which involves lifting a pet by the scruff of the neck, as employed by many female dogs and cats while moving their young.

f)       Upon witnessing Plaintiff's employment of the "scruffing" technique, his co-worker, "Emily," apparently became upset, and decided to record Plaintiff with her cell phone. This recording was eventually forwarded Petco's Headquarters in San Diego, California.

g)       In response to this action on "Emily's" part, local Petco personnel contacted the owner of the dog Plaintiff had been training, and explained Plaintiff's actions. The owner, in turn, stated that she had no problem with Plaintiff's "scruffing" and, in fact, still considered Plaintiff to be a professional and competent animal trainer.

h)       Nevertheless, Petco suspended Plaintiff's employment on May 20, 2017, and subsequently terminated said employment without warning and without interviewing Plaintiff with regard to the incident or his use of proper dog training techniques

10.

Plaintiff contends that his race, *i.e. African-American*, was a major motivating factor underlying Petco's decision to suspend and ultimately terminate Plaintiff's employment.

IV.     **VICARIOUS LIABILITY**

11.

Under the doctrine of *respondeat superior*, an employer is vicariously liable for injuries caused by its employees' acts or omissions committed within the course and scope of their employment and in furtherance of business interests. *Sobieski v. Ispat Island, Inc.*, 413 F.3d 628 (7th Cir. 2005).

12.

The Defendant, Petco, is vicariously liable for the discriminatory actions of its supervisory personnel, which caused injury to Plaintiff and which were motivated, in large part, by a desire to remove a perceived "problematic black employee" from the company's payrolls.

## V.    DAMAGES

13.

As a direct and proximate result of the Defendant's unlawful discrimination, Plaintiff has sustained both general and special damages, including lost wages, benefits, and employment opportunities, all of which are claimed herein.

## VI.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that his Complaint be filed herein, that the Defendant be served with same and cited to appear and answer same, and that, after due proceedings are had, Judgment enter against the Defendant providing Plaintiff with the following relief:

a) Compensatory damages in an amount, exclusive of costs and interest, to which Plaintiff is deemed entitled at the conclusion of these proceedings;

b) Punitive and/or exemplary damages against the Defendant in whatever amount, exclusive of costs and interest, deemed appropriate herein;

c) Interest, costs, and reasonable attorney's fees;

d) Any and all other remedies which may be available pursuant to Title VII and/or any other applicable provision of State and/or Federal law; and

e) Such further general and equitable relief as the Court may find appropriate under the circumstances.

RESPECTFULLY SUBMITTED:

A. A. ADKINSON, ATTORNEY, LLC

_____s/Alistair A. Adkinson_____
Alistair A. Adkinson (#27761)
1539 Jackson Ave., Ste. 218
New Orleans, LA 70130
(504) 309-8735 (voice)
(800) 520-4402 (fax)
Attorney for Te'Mon Crawford

*Plaintiff will forward Request for Waiver of Service to Defendant in Accordance with Local Court Rules*